United States Bankruptcy Court
Southern District of Texas

**ENTERED**

November 10, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 25-36745** |
| **T DEEZ CAR AUDIO LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | **CHAPTER 11** |

**ORDER TO DEBTOR-IN-POSSESSION IN A SMALL BUSINESS
CASE AND SETTING STATUS CONFERENCE**

Upon the filing of this case under the provisions of Chapter 11 of the Bankruptcy Code, and pursuant to the authority granted the Court by 11 U.S.C. Section 105 authorizing the entry of such orders as may be necessary to carry out the provisions of the Bankruptcy Code,

**IT IS ORDERED** that, pursuant to 11 U.S.C. Section 1101(1), the above named Debtor, as a debtor-in-possession ("Debtor"), shall continue in possession of its estate and, pursuant to 11 U.S.C. Sections 1107(a) and 1108, shall continue the operation of its business and management of its property until further order of this Court;

**IT IS FURTHER ORDERED** that in connection with the operation of said business, the Debtor:

(1) **Bank Accounts.**  Shall close all bank accounts maintained on the date of the filing of the petition.  All funds on deposit to the credit of the Debtor in said accounts on such date shall be transferred to new accounts to be opened by the Debtor.  Deposits are to be made only in accounts within a depository approved by the United States Trustee.

(2) **Withholding Taxes; Employees.**  Shall segregate and hold separate and apart from all other funds any and all monies withheld from employees or collected from others for taxes, including social security taxes, under the laws of the United States or any state or subdivision thereof and to deposit, as required by law, all monies withheld from employees for social security and federal income tax withholdings.

(3) **Withholdings; Others.**  Shall deposit or pay promptly to any state or political subdivision thereof any and all monies required to be withheld or collected from others subsequent to the petition date, on such basis as may be required by the laws or ordinances of such state or political subdivision.

(4) **Closure of Books; New Books of Account.**  Shall close and preserve its pre-petition books and accounts and open and maintain new books of account showing all income and expenditures, receipts and disbursements of the Debtor during the Chapter 11 proceeding.

(5) **Pre-petition Debts.**  Shall not pay any debt or obligation incurred prior to the filing of the petition unless payment of such debt is specifically authorized by the Court.

(6) **Use of Cash Collateral.**  A debtor in possession may not use "cash collateral" without the consent of the secured party or authorization by this court.  All cash collateral is to be deposited in a separate account pending the entry of a court order with respect to its disposition.

(7) **Ordinary Course of Business.**  Shall not sell, lease, or otherwise dispose of property nor enter into any transaction outside of the ordinary course of business unless specifically authorized by this Court.  The Debtor may buy and sell merchandise, supplies and other property in the ordinary course of business necessary and essential for its operation and to render and obtain services.

(8) **Insurance.**  Shall keep the property of the estate insured at a level equal to the value of such property and shall pay such premiums as may be or become due thereon.

(9) **Monthly Reports.**  Shall on or before the 20th day of each month file the Monthly Operating Report for the prior calendar month with the Clerk of this Court in Houston and, in addition, submit one copy to the Houston office of the United States Trustee and one copy to the Unsecured Creditors' Committee.  The report shall be filed using Official Form B 425C.

(10) **Administrative Expenses.**  Shall take all steps reasonably necessary to prevent the incurring of administrative expenses the payment of which will not be possible from funds which can be generated during the proceeding, and shall take all steps necessary to prevent any depletion or potential depletion of property of the estate, and shall immediately advise this Court and the United States Trustee if the continued operation of the business of the Debtor may not be in the best interest of the creditors or the Debtor.

**IT IS FURTHER ORDERED** that not later than one hundred eighty (180) days after the date of entry of the Order for Relief herein, the Debtor shall file (a) a disclosure statement pursuant to 11 U.S.C. Section 1125, and (b) a plan of reorganization pursuant to 11 U.S.C. Sections 1121 and 1123.

**IT IS FURTHER ORDERED** that the debtor in possession, counsel for the debtor in possession, and the United States Trustee, shall appear before the undersigned in **Courtroom 403, United States Courthouse, 515 Rusk St., Houston, Texas at 11:00 a.m. on January 6, 2026**, for the purpose of a status conference concerning the actions taken and progress made toward confirmation of a plan of reorganization. Any other party in interest may appear and participate in such status conference.

**Failure to abide by this order may lead to sua sponte dismissal or conversion of this case.**

SIGNED 11/10/2025

_____
Jeffrey Norman
United States Bankruptcy Judge

2 / 2